**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

TRAVIS ROBINSON,

Plaintiff,

v. CASE NO. 4:13cv149-RH/CAS

MORRIS A. YOUNG, etc., et al.,

Defendants.

_________________________________/

## ORDER DENYING SUMMARY JUDGMENT

The issue in this civil action is the constitutionality of an arrest. The defendant deputy sheriff arrested the plaintiff without a warrant on charges of battery and disrupting a school function. The plaintiff asserts he did nothing even arguably illegal and that there was no probable cause for the arrest. The plaintiff asserts claims against the deputy in his individual capacity under 42 U.S.C. § 1983 and asserts claims under the common law of Florida against both the deputy individually and the sheriff in his official capacity.

The defendants have moved for summary judgment, asserting there was probable cause for the arrest and that the deputy has qualified immunity from the

§ 1983 claim. But the record includes sworn testimony that would support a verdict for either side, thus presenting a classic jury issue. A jury could find that the deputy had probable cause for the arrest but also could find that the deputy had no basis at all for the arrest.

The summary-judgment motion was denied on the record at the conclusion of the summary-judgment hearing. This order confirms and briefly summarizes the ruling. Trial is imminent; a more thorough opinion would serve no purpose.

I

The plaintiff Travis Robinson's daughter was a high-school student who called Mr. Robinson to report that she was being bullied by another student. Mr. Robinson went to the school just in time to break up a fight between the two students. Mr. Robinson's sister was with him.

The school's resource officer was the defendant deputy sheriff Shannon Faison. The record includes conflicting evidence on whether Deputy Faison saw the fight. In any event, he was present soon after the fight. He ultimately arrested Mr. Robinson and his sister on Florida state-law charges of battery and disrupting a school function.

Deputy Faison says he saw Mr. Robinson push the student who was fighting with his daughter. But Mr. Robinson has sworn he did *not* push the student. ECF No. 15-3 at 12. Mr. Robinson says he stepped between the two fighting students,

that others on the scene pulled his daughter away, and that he did nothing more than put up his hands to hold back the other student, who was continuing as the aggressor. A jury could credit Mr. Robinson's testimony.

To be sure, in their summary-judgment papers, the defendants quote deposition testimony in which Mr. Robinson apparently answered "yes" to a compound question whether he had his hands on the other student, pushing her back to keep her from getting to Mr. Robinson's daughter. The testimony is not in the record. But even if it were part of the record, the testimony would not require a finding that Mr. Robinson did anything more than he readily admits: he put up his hands to keep the other student from further attacking his daughter.

II

Stepping between fighting students to end a fight, and putting up one's hands to hold off an aggressor, plainly does not constitute the crime of disrupting a school function. *See L.T. v. State*, 941 So. 2d 551 (Fla. 2d DCA 2006) (reversing a conviction for disrupting a school function based on the defendant's joining a school fight to protect her sister). The defendants have offered no justification for charging Mr. Robinson with this offense.

Stepping between fighting students and putting up one's hands to hold off an aggressor also is not battery. *See, e.g., K.W.S. v. State*, 924 So. 2d 80, 81 (Fla. 5th DCA 2006) (holding that a juvenile did not commit battery by using force that

"was minimal, at best" in an "attempt[] to defend his younger sister who was involved in a fracas"); *L.T.*, 941 So. 2d at 552 (noting the trial court's dismissal of a battery charge against a student who joined a school fight to protect her sister); *see also Bonge v. State*, 53 So. 3d 1231, 1233 (Fla. 1st DCA 2011) (holding that it was not a battery for a son to forcibly transport his elderly mother to an emergency room, yanking and pulling on her arm, allegedly against her will and while she was protesting); *Beard v. State*, 842 So. 2d 174, 175-77 (Fla. 2d DCA 2003) (holding that it was not a battery when a driver backed into two people while attempting to get away from others who were jumping onto the driver's car).

Eleventh Circuit decisions support this view. *See Wolk v. Seminole Cnty.*, 276 F. App'x 898, 900 (11th Cir. 2008) (quoting Florida Statutes § 776.012: "A person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself or herself or another against the other's imminent use of unlawful force."); *see also Lomax v. Diaz*, 390 F. App'x 900, 901 (11th Cir. 2010) (defining the touching required for a battery as "harmful or offensive contact" (quoting *Quilling v. Price*, 894 So. 2d 1061, 1063 (Fla. 5th DCA 2005)).

In short, if Mr. Robinson did only what he says he did, he did not commit the offenses of disrupting a school function or battery. This case thus presents a classic factual dispute of the kind that cannot be resolved by summary judgment.

III

In seeking summary judgment, the defendants have disagreed only with the factual analysis set out to this point, not the legal analysis. The defendants do *not* contend that a parent commits a battery by merely holding up his hands to keep an aggressive student from attacking his daughter. Quite to the contrary, Deputy Faison's testimony was that Mr. Robinson affirmatively pushed the student and was arrested for that reason, not that Mr. Robinson was or could properly have been arrested for merely putting up his hands to prevent an attack.

Other conflicts in the evidence support the conclusion that summary judgment is improper. Deputy Faison has himself given inconsistent accounts of what he saw that he says gave him probable cause for an arrest. He first said Mr. Robinson pushed the student out of the school's door. ECF No. 15-1 at 1-2. He later swore the student went out and came back, and Mr. Robinson pushed her to prevent her reentry. ECF No. 18-7 at 6-7. Deputy Faison says Mr. Robinson cursed rather crudely, while Mr. Robinson (and others) say he is a minister who never curses and did not do so on this occasion. Deputy Faison has variously said he saw or broke up the fight himself, while others have sworn Deputy Faison was outside the school—separated from the fight by a closed door with no windows—and could not have seen the fight; those witnesses say Deputy Faison arrived later. As an illustration of the significance of that dispute, Deputy Faison also arrested

Mr. Robinson's sister, saying he saw her hit the other student and pull her hair, while other witnesses say the sister never touched the other student.

Deputy Faison spoke to the other student and her mother before making the arrests. They wanted Mr. Robinson and his sister arrested. That, of course, does not provide probable cause for an arrest. Deputy Faison says he made the arrests based on what he personally saw—an issue in dispute, as set out above—not based on anything the other student or her mother told Deputy Faison. And, when taking the facts in the light most favorable to Mr. Robinson, Deputy Faison could not reasonably have made an arrest based on what the other student or her mother said without also speaking to Mr. Robinson, his sister, or other witnesses. Deputy Faison did not talk to any of those witnesses. *See, e.g., Rankin v. Evans*, 133 F.3d 1425, 1435-36 (11th Cir. 1998) (recognizing the duty to conduct a reasonable investigation before making an arrest).

IV

In sum, a jury could believe Deputy Faison and conclude that he had probable cause to arrest Mr. Robinson. Or a jury could conclude Deputy Faison saw Mr. Robinson do nothing that was even arguably illegal and arrested him anyway. Arresting a person with absolutely no factual basis—as a jury could conclude occurred here—rather obviously violates clearly established law. Resolving these factual disputes will be the job of the jury.

For these reasons,

IT IS ORDERED:

The defendants' summary-judgment motion, ECF No. 15, is DENIED.

SO ORDERED on February 19, 2014.

s/Robert L. Hinkle
United States District Judge